MAXIMILLIAN L. BLEK, Appellant, *v.* WILLIAM A. DAVIS, Respondent.

Second Department, July 27, 1920.

Constitutional law — when statute should not be declared unconstitutional — landlord and tenant — summary proceedings — when stay of execution of warrant will not be granted under chapter 137 of Laws of 1920.

The courts are reluctant to declare an act of the Legislature unconstitutional and will not do so unless a clear case is presented necessitating such decision.

A warrant in summary proceedings to regain possession of premises at the expiration of a lease ought not to be stayed under chapter 137 of the Laws of 1920 on affidavits stating conclusions only as to the efforts made by the tenant to secure suitable premises for himself and family, but the facts must be shown to the court by evidence in a legal way to be the basis of the exercise of judicial discretion with the drastic results provided for in the statute.

On the record presented the stay of the execution for three months was not a proper exercise of the discretion of the county judge.

APPEAL by the plaintiff, Maximillian L. Blek, from so much of an order of one of the county judges of the county of Kings, entered in the office of the clerk of said county on the 14th day of May, 1920, as stays the execution of a warrant in summary proceedings to recover the possession of real property.

*Maximillian L. Blek* [*Philip Simon* with him on the brief], for the appellant.

No appearance or brief for the respondent.

PER CURIAM:

The appellant, landlord, insists that the act of the Legislature, Laws of 1920, chapter 137, is unconstitutional in so far as it authorizes a court or judge or justice to stay the execution of a warrant in summary proceedings for such period, not more than twelve months, as the court, judge or justice in its or his discretion may deem proper. Courts are reluctant to declare the action of the co-ordinate branch of government unconstitutional and should not do so unless a clear case is presented necessitating such decision. The case at bar is argued by the landlord, appellant. The tenant, respondent,

does not appear upon the appeal by the attorney who represented him before the county judge or in any way, and files no brief. Upon the record presented to this court there was no evidence before the learned county judge authorizing him, in his discretion, to grant any stay. There was no evidence that the tenant " cannot secure suitable premises for himself and his family within the neighborhood similar to those occupied," or " that he has used due and reasonable effort to secure such other premises." The statement in the affidavit submitted by the tenant that he has " made most diligent effort " to obtain apartments is a conclusion without any facts stated to support it. He refers to " communications by real estate agents and brokers showing that the tenant's name is listed in their respective offices and that each of them has been unable to secure an apartment for the tenant." The " communications " are not in the record and at most would be hearsay, and furnish no evidence as to what efforts have been made or the reason why, if made, they have been unsuccessful. These facts must be shown to the court by evidence in a legal way to be the basis of the exercise of judicial discretion with the drastic results provided for in the statute. In this case the landlord, appellant, is deprived of his property after the expiration of the lease for the term of three months. The law does not mean that this may be done as a matter of course. There is some evidence that on May 5, 1920, the wife of the tenant was pregnant and that the birth of a child was anticipated in the " very near future," according to an affidavit made by a physician, or " in June " as stated in an affidavit made by the tenant. No affidavit was made by the wife. And the affidavit of the tenant states that his wife informed him that the landlord assured her that he would not insist upon her vacating the premises until she was fully restored to health and able to leave the same. But if the child was in fact born in May, as the physician appeared to anticipate, or in June, as the tenant makes oath his wife informed him, there were no facts before the court warranting a stay of three months in the one case or two months in the other. There is no intimation by the tenant of bad faith on the part of the landlord, or any financial need on the part of the tenant; indeed the tenant states in his affidavit that he offered to purchase the property. The

landlord had notified the tenant by letter as early as April ninth that he would require possession of the premises on the expiration of the lease on May first. Evidently he does not desire to sell the property to the tenant, but that is no reason why he should be deprived of possession. We feel that upon the record here presented, with no appearance by the tenant or his attorney upon the appeal, we should not proceed to determine the constitutionality of the statute.

The final order of the county judge of Kings county appealed from should be reversed, with ten dollars costs and disbursements, in so far as the same provides for a stay of the execution of the warrant until August 1, 1920.

JENKS, P. J., MILLS, BLACKMAR, KELLY and JAYCOX, JJ., concur.

Final order of the County Court of Kings county reversed, with ten dollars costs and disbursements, in so far as the same provides for a stay of the execution of the warrant until August 1, 1920.